CÁMARA INSULAR DE COMERCIANTES MAYORISTAS, INC., Plaintiff and Appellee, *v.* SANTIAGO OSORIO, Defendant and Appellant.

No. 9716. Argued April 14, 1948.—Decided April 23, 1948.

*R. R. Rivera Correa* for appellant. *Otero Suro & Otero Suro* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The District Court of San Juan, on motion of the plaintiff,[1] rendered judgment on the pleadings in this case. The

---

[1] The plaintiff invokes Rule 56(*a*) and (*c*) of Civil Procedure which reads:
"Rule 56.—Summary Judgment.

(*a*) For Claimant.—A party seeking to recover upon a claim, counterclaim, cross-claim or to obtain a declaratory judment may at any time after the pleading in answer thereto has been served, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

·defendant appealed and plaintiff now seeks the dismissal of the appeal for frivolousness.

It was alleged in the complaint that the defendant had purchased certain provisions and supplies on current account from several firms of San Juan and that on February 28, 1947 upon liquidating said accounts they showed a total balance of $8,846.48 in their favor; that the defendant never ·objected to the statements of accounts rendered to him or to their balance; that said firms assigned to the plaintiff all their rights and interest on said credit and that the defendant has not paid them either in whole or in part.

After a judgment by default entered against the defendant was set aside, the latter answered the complaint accepting :some and denying other averments and specifically denied that the accounts showed a balance of "$8,846.48 or any bal- .ance whatsoever in favor of the firms . . . stated" or that statements of accounts had been rendered to him. As a spe- ·cial defense he alleged that the complaint does not adduce facts sufficient to constitute a cause of action and that the ·defendant purchased from the plaintiffs (sic) on 30-day terms and that at the time of filing the complaint none of the ac- ·counts sued on had become due. (It should be noted that the complaint was filed on March 10, 1947 and, the answer thereto on June 28, 1947).

On July 8, 1947 plaintiff submitted to the defendant, pur- ·suant to Rule 33 of Civil Procedure, an interrogatory the fourth question of which read:

"If by alleging in the third paragraph of his answer in this case that the accounts assigned to the plaintiff did not show, on February 28, 1947, the balance of $8,846.48 or any balance whatsoever in favor

(c) Motion and Proceedings Thereon.—The motion shall be served at least 10 days before the time specified for the hearing. The adverse party prior ·to the day of hearing may serve opposing affidavits. The judment sought :shall be rendered forthwith if the pleadings, depositions, and admissions on ·file, together with the affidavits, if any, show that, except as to the amount ·of damages, there is no genuine issue as to any material fact and that the :moving party is entitled to a judgment as a matter of law."

of the firms mentioned in the third paragraph of the complaint, the defendant means that he was not owing any amount to the assignors or if on the contrary he means that the balance or amount owed was another sum, that the balance was not $8,846.48, what amount did the defendant owe to the assignor firms on February 28, 1947?"

In answer to this question, defendant replied on July 23, 1947:

"The allegation referred to was made by my attorney denying in the usual way an averment of the complaint. The fact is that at the end of February I was owing to the assignors of the plaintiff, for bills rendered, the amount of $8,846.48, (E.A.O.E.)."

Plaintiff then moved the court, that in view of the allegations and the answers to the interrogatories, it render a summary judgment. Defendant objected on the ground that the action was based on an account stated; that he never received the statements of accounts and that they were never liquidated and accepted by him. To this effect he filed an affidavit.

After a hearing, the court rendered judgment and referred to the answer given by the defendant to question number four, *supra,* saying that it "definitely puts an end to the main controversy between the parties . . . leaving no disputed material fact which may give rise to the introduction of evidence . . ." inasmuch as, "once this fact is accepted, the court can reach no other conclusion than to order the defendant to pay to the plaintiff the amount claimed in the complaint."

In contesting the dismissal of the appeal defendant urges that the lower court did not dispose of his defense that the complaint was insufficient and he cites *Insular Industrial, Etc. Ass'n* v. *Cintrón,* 52 P.R.R. 611 and *Ramos* v. *People,* 67 P.R.R. 600. Both are adverse cases. In the former it was decided that the allegation in the complaint that "plaintiff required the defendant to pay the above-mentioned amount, *and notwithstanding the fact that defendant admitted owing the aforesaid amount* to plaintiff, the said defendant has not paid the plaintiff", was sufficient to state a cause of

action, inasmuch as an averment such as the foregoing is all that the case of *E. Rubio e Hijos* v. *Carrasco,* 26 P.R.R. 224, requires to be made in a complaint based on an account stated, and from this case the following was copied:

" . . . And if the action, . . . was based on various accounts stated, it is not enough that the plaintiffs alleged merely that a statement of the defendant's account had been made in each case ... but they should have alleged further that the account was rendered to the defendant and that he, *in some of the ways recognized by law, admitted the said balance.*"

Under this theory the complaint herein is likewise sufficient and we must presume that the lower court in rendering the summary judgment impliedly overruled said defense.

*Ramos* v. *People, supra,* is likewise adverse to defendant. We held therein that under Rule 12(*b*) 6 as well as under Rule 56, "if according to the affidavits no disputed material fact remains, then a summary judgment or the dismissal of the complaint lies. If said disputed material fact still exists, then it does not lie."

What disputed material fact remained in the present case after defendant expressly accepted that on February 28, 1947 he owed the amount of $8,846.48 claimed in the complaint? Defendant contends that he has denied that the accounts stated were admitted by him. Yet, by accepting on July 23, 1947 that he owed the total balance of said accounts by the end of February, 1947, and being his sole and ultimate allegation that his creditors sold to him on thirty-day terms, it is obvious that no disputed material fact remained barring the lower court from rendering the summary judgment sought by plaintiff under Rule 56, *supra.*

The appeal must be dismissed as frivolous.